UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Linda May,
       Claimant

       v.                                      Civil No. 06-cv-133-SM
                                               Opinion No. 2007 DNH 011
Jo Anne B. Barnhart, Commissioner,
Social Security Administration,
       Respondent

## O R D E R

Pursuant to 42 U.S.C. § 405(g), claimant, Linda May, moves to reverse the Commissioner's decision denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (the "Act").  Among other things, she says the Administrative Law Judge failed to afford appropriate weight to her treating physician's opinion that impairments will cause her to miss more than three days of work each month.  The Commissioner objects and moves for an order affirming her decision.

## Factual Background

I.   Procedural History.

On November 21, 2003, claimant filed an application for disability insurance benefits under Title II of the Act, alleging

that she had been unable to work since October 1, 2003.  Her application was denied and she requested a hearing before an Administrative Law Judge ("ALJ").

On August 9, 2005, claimant and her attorney appeared before an ALJ, who considered the application de novo.  On September 23, 2005, the ALJ issued his order, concluding that claimant retained the ability to perform a range of light work and was, therefore, capable of performing her past relevant work as an office clerk. Accordingly, the ALJ concluded that claimant was not disabled, as that term is defined in the Act, at any time prior to the date of the ALJ's decision.

Claimant then sought review of the ALJ's decision by the Appeals Council.  On March 24, 2006, the Appeals Council denied her request, thereby rendering the ALJ's decision a final decision of the Commissioner, subject to judicial review. Claimant then brought this suit, asserting that the ALJ's decision was not supported by substantial evidence and seeking a judicial determination that she is disabled within the meaning of the Act.  She has filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 13).  The Commissioner objects

and has filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 16).  Those motions are pending.


II.   <u>Stipulated Facts</u>.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 17), need not be recounted in this opinion.  Those facts relevant to the disposition of this matter are discussed as appropriate.


## Standard of Review

I.   <u>Properly Supported Findings by the ALJ are</u>
     <u>Entitled to Deference</u>.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Factual findings of the Commissioner are conclusive if supported by substantial evidence.[1]  <u>See</u> 42 U.S.C.

---

[1]   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938).  It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.  <u>Consolo v. Federal</u>

§§ 405(g); <u>Irlanda Ortiz v. Secretary of Health & Human Services</u>, 955 F.2d 765, 769 (1st Cir. 1991).  Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the adverse position.  <u>See Tsarelka v. Secretary of Health & Human Services</u>, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").  <u>See also Rodriguez v. Secretary of Health & Human Services</u>, 647 F.2d 218, 222–23 (1st Cir. 1981).

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence.  <u>See Burgos Lopez v. Secretary of Health & Human Services</u>, 747 F.2d 37, 40 (1st Cir. 1984) (citing <u>Sitar v. Schweiker</u>, 671 F.2d 19, 22 (1st Cir. 1982)).  It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts."  <u>Irlanda Ortiz</u>, 955 F.2d at 769 (citation omitted).  Accordingly, the court will give deference

<u>Maritime Comm'n.</u>, 383 U.S. 607, 620 (1966).

to the ALJ's credibility determinations, particularly where those determinations are supported by specific findings.  <u>See</u> <u>Frustaglia v. Secretary of Health & Human Services</u>, 829 F.2d 192, 195 (1st Cir. 1987) (citing <u>Da Rosa v. Secretary of Health & Human Services</u>, 803 F.2d 24, 26 (1st Cir. 1986)).

II.  <u>The Parties' Respective Burdens</u>.

       An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146–47 (1987); <u>Santiago v. Secretary of Health & Human Services</u>, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove that her impairment prevents her from performing her former type of work. <u>See</u> <u>Gray v. Heckler</u>, 760 F.2d 369, 371 (1st Cir. 1985) (citing <u>Goodermote v. Secretary of Health & Human Services</u>, 690 F.2d 5, 7 (1st Cir. 1982)).  Nevertheless, the claimant is not required to establish a doubt-free claim.  The initial burden is satisfied by

the usual civil standard: a "preponderance of the evidence."  See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

Provided the claimant has shown an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform.  See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982).  If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant.  See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6.  When determining whether a claimant

6

is disabled, the ALJ is also required to make the following five inquiries:

   (1)  whether the claimant is engaged in substantial
        gainful activity;

   (2)  whether the claimant has a severe impairment;

   (3)  whether the impairment meets or equals a listed
        impairment;

   (4)  whether the impairment prevents the claimant from
        performing past relevant work; and

   (5)  whether the impairment prevents the claimant from
        doing any other work.

20 C.F.R. § 404.1520.  Ultimately, a claimant is disabled only if her:

   physical or mental impairment or impairments are of
   such severity that [s]he is not only unable to do [her]
   previous work but cannot, considering [her] age,
   education, and work experience, engage in any other
   kind of substantial gainful work which exists in the
   national economy, regardless of whether such work
   exists in the immediate area in which [s]he lives, or
   whether a specific job vacancy exists for [her], or
   whether [s]he would be hired if [s]he applied for work.

42 U.S.C. § 423(d)(2)(A).

   With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm her decision.

7

**Discussion**

I.   <u>Background - The ALJ's Findings</u>.

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  Accordingly, he first determined that she had not been engaged in substantial gainful employment since October 1, 2003.  Next, he concluded that she suffers from "fibromyalgia and an adjustment disorder with depressed mood."  Administrative Record ("Admin. Rec.") at 22.  He also concluded that those impairments are "severe," as that term is used in the Act.  <u>Id</u>. at 23.  Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1.  <u>Id</u>.

The ALJ next concluded that claimant retained the residual functional capacity ("RFC") to perform the exertional demands of a range of light work.[2]  He noted, however, that claimant's RFC

---

[2]     "RFC is what an individual can still do despite his or her functional limitations.  RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental

was limited by the following non-exertional factors: "a mild
limitation in her ability to focus and/or to maintain
concentration due to pain" and a need to work in an environment
where "supervisory criticism is not confrontational."  Admin.
Rec. at 25.  Despite those limitations, however, the ALJ
concluded that claimant was capable of performing her past
relevant work as an office clerk.  <u>Id</u>. at 28.  In light of those
findings, the ALJ concluded that "claimant has not been under a
'disability,' as defined in the Social Security Act, from October
1, 2003 through the date of [his] decision."  <u>Id</u>. at 29.

II.  <u>Fibromyalgia</u>.

It is undisputed that claimant has been diagnosed as
suffering from fibromyalgia.  <u>See</u> Admin. Rec. at 22.  According
to one basic source, "the term 'fibromyalgia' literally means
muscle fiber pain.  FM is a chronic disorder that develops
gradually and is long-lasting, although it may be punctuated by
acutely painful episodes."  6 <u>Attorneys' Textbook of Medicine</u>,

---

activities.  Ordinarily, RFC is the individual's maximum
remaining ability to do sustained work activities in an ordinary
work setting on a regular and continuing basis, and the RFC
assessment must include a discussion of the individual's
abilities on that basis."  Social Security Ruling ("SSR"), 96-8p,
<u>Policy Interpretation Ruling Titles II and XVI: Assessing</u>
<u>Residual Functional Capacity in Initial Claims</u>, 1996 WL 374184 at
*2 (July 2, 1996) (citation omitted).

para. 25.00 (3d ed. 1999).  That source goes on to describe the
condition as follows:

> Patients with FM have had feelings of soreness, often
> quite marked, all over their bodies for six months or
> longer.  Fibromyalgia is a type of chronic pain
> syndrome affecting the soft tissues, which may, as
> cause or effect, involve some sort of psychological
> disorder or an abnormal response to stress.  Typically
> patients describe deep aching, throbbing, or a burning
> feeling, and they may feel totally drained of energy.
> Frequently pain is most severe at certain "tender
> points" that tend to be the same in most patients.  The
> picture of FM often includes trouble sleeping deeply,
> headaches, chest pains, dizziness, and symptoms of
> "irritable bowel."  There tend to be periods of
> especially severe pain alternating with times of little
> or no discomfort.  What FM does not do, despite the
> long-standing pain, is cause permanent tissue damage or
> deformity.

Id., at para. 25.01.  See also Aimee E. Bierman, Note, The
Medico-Legal Enigma of Fibromyalgia: Social Security Disability
Determinations and Subjective Complaints of Pain, 44 Wayne L.
Rev. 259, 259 (1998) ("Fibromyalgia is the most prevalent chronic
musculoskeletal pain syndrome.  It is characterized by
widespread, diffuse muscle pain, an absence of structural or
inflammatory musculoskeletal abnormalities, decreased pain
thresholds, profound fatigue, and sleep disturbances.  While it
is not fatal or progressively disabling, rheumatologists consider
it to be profoundly incapacitating in the most severe cases.")
(footnotes omitted).

One of the problems posed in the context of an application for Social Security disability benefits is that, as demonstrated in this case, there are no recognized medical tests (i.e., objective evidence) that will definitively confirm a diagnosis of fibromyalgia or establish the degree of disability caused by that illness.  At least one legal commentator, an Administrative Law Judge with the Social Security Administration, has published an article discussing this very issue:

> Currently, no objective findings or lab test for fibromyalgia are commonly accepted in the medical community.  Despite the results of several studies, it seems that the research still has a way to go before the medical community at large will accept one or more laboratory or imaging tests as diagnostically determinative.
>
> The most widely accepted criteria for the diagnosis of fibromyalgia are the American College of Rheumatology (ACR) 1990 Criteria for the Classification of Fibromyalgia.  There are two criteria: a history of widespread pain, as defined in the criteria, and pain in 11 of 18 tender point sites when pressed or "palpated" by a physician.  The criteria state that for a tender point to be considered "positive," the patient must say the palpation was painful.
>
> Importantly, the "tender points" of the ACR criteria are not objective signs.  One of the authors of the criteria has called the points a "notoriously unreliable and manipulable exercise."
>
> Common sense alone dictates that if a physician touches a person's body and the person tells the physician that it hurts, this is a subjective response by the patient. Even a wince or a jerk in response to palpation can be feigned.

11

Kevin F. Foley, <u>Establishing Medically Determinable Impairments</u>, 35 APR Trial 66, 70 (April, 1999) (footnotes omitted).

Consequently, this case, like so many others involving claimants diagnosed with fibromyalgia, turns largely upon an assessment of the credibility of the claimant's assertion that she suffers from disabling pain, as well as a determination of the weight properly to be ascribed to the opinions of her treating physicians.

III. <u>Evidence that Claimant will Often Miss Work</u>.

Challenging the adverse disability determination, claimant asserts that the ALJ failed to address "uncontroverted evidence that [claimant] would be expected to miss more than three days [of work] per month due to her medical condition." Claimant's memorandum (document no. 14) at 4. Claimant is referring to the Mental Impairment Questionnaire that was completed jointly by Carin Torp, MALCMHC, and claimant's primary care physician, Brian Hauser, M.D. In his thorough written decision, the ALJ discusses that report on several occasions and, where appropriate, explains why he afforded less than controlling weight to some of the opinions expressed in that report.

The ALJ does not, however, discuss the opinion shared by Ms. Torp and Dr. Hauser that claimant's impairments would likely cause her to be absent from work "more than three times a month." Admin. Rec. at 226.  To be sure, the ALJ does discuss Dr. Hauser's view that, as of January 12, 2004, claimant "does have fibromyalgia but that is at this point not worsening and is certainly not debilitating in my opinion."  Admin. Rec. at 27. See also Id. at 195.  But, the ALJ does not discuss Dr. Hauser's subsequent opinion, rendered approximately four and one-half months later, that claimant's impairments would likely cause her to miss more than three days of work each month.

If Dr. Hauser's most recent opinion about the disabling nature of claimant's impairments is fully credited, it would certainly suggest that claimant's occupational base is severely eroded.  And, if that is the case, a vocational expert might be necessary to determine if there are any jobs available in the national workforce that claimant could perform.

## Conclusion

In light of the ALJ's failure to address the opinion of Ms. Torp and Dr. Hauser that claimant's impairments will cause her to be absent from work more than three days each month, the most

13

prudent course is to remand this matter for further proceedings. That will allow the ALJ to provide an explanation as to why he (implicitly) discounted those opinions and, if necessary, obtain the assistance of a vocational expert.  It will also afford the ALJ and the claimant an opportunity to obtain the functional capacity evaluation that the ALJ references, <u>see</u> Admin. Rec. at 27, but which was either not performed or was omitted from the record.

For the foregoing reasons, claimant's motion for order reversing the decision of the Commissioner (document no. 13) is granted in part and denied in part.  To the extent it seeks a remand of this matter to the ALJ for further proceedings, it is granted.  In all other respects, it is denied.  The Commissioner's motion for order affirming the decision of the Commissioner (document no. 16) is denied.

Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is hereby remanded to the ALJ for further proceedings consistent with this order and, if the ALJ sees fit, the taking of additional evidence and/or testimony.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

January 25, 2007

cc:  David L. Broderick, Esq.
     David F. Bander, Esq.
     Roger D. Turgeon, Esq.